UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MELANIE ALEXA BROWN, | ) | No. ED CV 12-02290-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1.    Whether the Administrative Law Judge ("ALJ") properly

1    evaluated the opinions of the treating physicians; and

2    2.    Whether the ALJ's residual functional capacity assessment is

3          supported by substantial evidence.

4    (JS at 3-4.)

5

6        This Memorandum Opinion will constitute the Court's findings of

7    fact and conclusions of law. After reviewing the matter, the Court

8    concludes that for the reasons set forth, the decision of the

9    Commissioner must be reversed and the matter remanded.

10

11                                    I

12                THE ALJ FAILED TO PROPERLY EVALUATE

13                THE OPINIONS OF TREATING PHYSICIANS

14        This is a textbook case of an unreviewable Social Security

15    Decision. When an ALJ writes a Decision which rejects or depreciates

16    the opinion of a treating physician, and that conclusion is challenged

17    in a lawsuit such as this, the Court's role is to determine whether

18    the reasons stated by the ALJ within the four corners of the Decision

19    are sufficient under prevailing and required legal standards.   As

20    Plaintiff correctly notes, the Ninth Circuit has made this clear.   In

21    Embrey v. Bowen, 849 F.2d 418, 421-422 (9th Cir. 1998), the Court

22    stated, in pertinent part, that "To say that medical opinions are not

23    supported by sufficient objective findings or are contrary to the

24    preponderant conclusions mandated by the objective findings does not

25    achieve the level of specificity our prior cases have required." This

26    principle has been clearly repeated by the Ninth Circuit in numerous

27    cases.   See, e.g., Cequerra v. Secretary of Health and Human Services,

28    933 F.2d 735, 738 (9th Cir. 1991); Connett v. Barnhart, 340 F.3d 871,

2

1   874 (9th Cir. 2003); <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007)

2   ("We review only the reasons provided by the ALJ in the disability

3   determination and may not affirm the ALJ on a ground upon which he did

4   not rely.").

5       The ALJ's Decision briefly summarized the opinions of treating

6   physicians Drs. Nguyen, and Martin. (AR 31.)  At the hearing, the ALJ

7   took very brief testimony from medical expert ("ME") Dr. Landau. In

8   fact, there are two pages in the transcript devoted to Dr. Landau's

9   examination by the ALJ. Half of one page is devoted to Dr. Landau's

10  conclusion as to Plaintiff's functional capacity, which the ALJ

11  largely adopted in determining Plaintiff's residual functional

12  capacity ("RFC"). (<u>See</u> AR 75, 29, 30-31.)  Dr. Landau said nothing

13  about any of the medical evidence he had examined, simply agreeing,

14  apparently, with the ALJ's question which assumed that his opinion was

15  based, in part, upon his "review of the medical evidence, ..." (AR

16  75.)  But upon examination by Plaintiff's attorney, Dr. Landau

17  conceded that in his review of the medical evidence he had completely

18  missed the fact that Plaintiff is diagnosed with fibromyalgia. (AR

19  76.)  This seems especially significant in that one of the treating

20  physician opinions which the ALJ rejected (based upon Dr. Landau's

21  testimony) was that of Dr. Nguyen, who completed a "Fibromyalgia

22  Residual Functional Capacity Questionnaire."  Considering that Dr.

23  Landau was, before his testimony, unaware that Plaintiff had been

24  diagnosed with fibromyalgia, it is difficult for the Court to

25  understand how the ALJ could have rejected Dr. Nguyen's evaluation of

26  the effects of Plaintiff's fibromyalgia based upon the testimony of an

27  expert who had not even reviewed that part of the record.

28      The Commissioner spends a lot of time and space in his portion of

the JS pointing out that the ALJ need not accept as dispositive the opinions of treating physicians.  The Court does not so hold, and Plaintiff does not make that argument.  All that is required, as it has been for more than 25 years of Ninth Circuit precedent, is that the ALJ articulate "specific and legitimate" reasons for rejecting treating physicians' opinions.  That simply did not occur in any fashion in this Decision.  Because of that, the matter will have to be remanded for a new hearing.

As to the second issue, which concerns the ALJ's assessment of Plaintiff's RFC, the Court's discussion of the first issue should suffice to indicate that Plaintiff prevails on her second issue also. This is because the ALJ formulated his opinion of Plaintiff's RFC largely based on Dr. Landau's opinion as rendered during his brief testimony at the administrative hearing.  As the Court has noted, Dr. Landau failed to evaluate significant evidence in the record concerning Plaintiff's condition of fibromyalgia.  For the ALJ to determine Plaintiff's RFC based on Dr. Landau's incomplete testimony was error.  On remand, Plaintiff's RFC will have to be determined based on evidence in the record.

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED**.


DATED: December 16, 2013              /s/
                            VICTOR B. KENTON
                            UNITED STATES MAGISTRATE JUDGE